713 F.2d 462
 DUNCANSON-HARRELSON COMPANY and Employers Mutual Liability
Insurance Company of Wausau, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent,
and
Nancy A. Freer, Claimant.
Nancy A. FREER, Petitioner,
v.
UNITED STATES DEPARTMENT OF LABOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, Respondent.
 Nos. CA 79-7093, CA 79-7094.
 United States Court of Appeals,
Ninth Circuit.
 Argued Dec. 10, 1980.
Submitted April 6, 1982.
Decided Aug. 15, 1983.
 
 B. James Finnegan, San Francisco, Cal., argued, for Duncanson-Harrelson Co., et al.; Kiernan & Finnegan, San Francisco, Cal., on brief.
 Lee H. Cliff, San Francisco, Cal., argued, for Freer; W. Martin Tellegen, Hall, Henry, Oliver & McReavy, San Francisco, Cal., on brief.
 Mark C. Walters, Washington, D.C., for Director; Mary A. Sheehan, Washington, D.C., on brief.
 Petition to Review a Decision of the Benefits Review Board United States Department of Labor.
 Before TRASK and ANDERSON, Circuit Judges, and STEPHENS,* District Judge.
 TRASK, Circuit Judge:
 
 
 1
 This court originally decided this case on September 14, 1982. Duncanson-Harrelson Co. v. Director (OWCP), 686 F.2d at 1336 (9th Cir.1982). The Supreme Court on June 10, 1983, granted a petition for writ of certiorari, --- U.S. ----, 103 S.Ct. 2446, 76 L.Ed.2d --- (1983). The judgment was vacated and the case was remanded for further consideration in light of Morrison-Knudsen Construction Co. v. Director (OWCP), 461 U.S. ----, 103 S.Ct. 2045, 76 L.Ed.2d 194 (1983).
 
 
 2
 In part V of our original decision we held that employer contributions to union pension and health funds were wages as defined in 33 U.S.C. § 902(13). 686 F.2d at 1343-46. We determined that such contributions should have been included in calculating the decedent's average annual wage. As the Benefits Review Board (BRB) had not included the employer contributions in the decedent's wage calculation, we reversed its decision on that point.
 
 
 3
 In Morrison-Knudsen the Supreme Court held unequivocally that employer contributions to union trust funds were not wages as defined in 33 U.S.C. § 902(13). 461 U.S. at ----, 103 S.Ct. at 2053, 76 L.Ed.2d 194. We are, therefore, compelled to vacate part V of our original decision and affirm in full the decision of the BRB.
 
 
 
 *
 Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation